## JOEL H. WICKER
### *v.*
## WILLIAM G. LEWIS *et al.*

LEASE—*construction—liability of lessee for improvements made by his lessor.* A lease of store rooms, which were in an unfinished condition, provided, that the lessees were to take them without any other finish than certain specified work which the lessor was to have done, and "all other work that may be needed or desired in and about said stores is to be made and done by" the lessees "at their own expense." The meaning of this latter clause is, that the lessees were to have done whatever work might be needed or desired *by them*, at their own expense. It did not mean that whatever work upon the stores the landlord might consider needful or desirable, was to be done at the cost of the tenants.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

This was an action of assumpsit instituted by the appellees against the appellant in the court below, to recover the sum of $255.64 as a balance due them upon an account for goods sold and delivered. The appellant claimed a set-off of $549. The cause was tried by a jury, who found a verdict for $233.64, for appellees, being the full amount of their claim less $22.00. The only dispute on the trial as to the correctness of the appel-

lees' account, was a credit claimed by the appellant of $89.68, which sum was remitted by the appellees, and judgment rendered for $143.96.

The record shows that in the fall of 1864, the appellant contracted for the erection and completion of a block of four stores, in the city of Chicago, according to a specific plan; that the work was commenced in September, 1864, and completed in March or April, 1865. On December 31, 1864, before the work was finished, the appellees leased the stores from the appellant, for a term of five years. The lease contained a certain clause, which is stated in the opinion of the court, and upon which the appellant founded his claim in offset, for work and materials furnished in and about the said stores; and the only controverted question presented by the record is, whether the appellant is entitled to the set-off claimed by him.

Messrs. WALLER, STEARNS & COPELAND, for the appellant.

Messrs. FULLER & SHEPARD, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

In the lease from Wicker to Lewis, Page & Co., the following clause was inserted:

" And it is understood and agreed, by and between the parties hereto, that the said parties of the second part (Lewis, Page & Co.) are to take the said stores in their present condition, and without any other finish but the putting in of two falls, one stairway, one water-closet, and one gas-pipe to the office, which things are to be done by the said party of the first part; all other work that may be needed or desired in and about said stores is to be made and done by the said parties of the second part at their own expense."

At that time the stores were completed, except the floors in the basement, and the four items enumerated in the foregoing provision. Subsequently, Wicker's architect laid these floors

and Wicker paid the bill. He now insists that the amount is chargeable to the lessees.

We are of opinion that the proper construction of the agreement is that given to it by the Circuit Court.

The lessees could not have compelled the landlord to lay the basement floor, but, as he voluntarily did it, in accordance with his own architect's plan, and without any agency, or request, or interference, on the part of the appellees, there is no ground for charging them with the cost. The undoubted meaning of the last clause of the agreement is, that they were to have done whatever work might be needed or desired *by them* at their own expense. It cannot have been the understanding of the parties that, whatever work upon the four stores the landlord might have considered needful or desirable, was to be done at the cost of the tenants. Such a construction would have placed their purse wholly at his discretion. That this was intended we cannot believe, and the language used does not require an interpretation so utterly improbable.

There is no proof in the record that the tenants either needed or desired this work to be done.

*Judgment affirmed.*